IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSAN MAYDEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-132-BN |
| | § | |
| HOME DEPOT U.S.A., INC.. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Home Depot U.S.A., Inc. has filed a Motion for Judgment on the Pleadings. *See* Dkt. No. 5. Plaintiff Susan Mayden filed a response, *see* Dkt. No. 7, Home Depot filed a reply, *see* Dkt. No. 11, and, without obtaining leave of court, Mayden filed a sur-reply, *see* Dkt. No. 15.

For the following reasons, and as explained below, the Court grants the motion.

## Background

Mayden was injured while working for Home Depot on November 2, 2017. *See* Dkt. No. 1-3.

On October 23, 2019, Mayden filed a petition alleging a negligence claim against Home Depot in state court, *see id.*, and requested issuance of citation, *see* Dkt. No. 1-2 at 2; Dkt. No. 1-5.

Home Depot was served with process on December 21, 2019. *See* Dkt. No. 1-6; Dkt. No. 1-7; Dkt. No. 1-8.

1

Home Depot U.S.A. filed an answer in state court on January 8, 2020. *See* Dkt. No. 1-10. It also raised an affirmative defense asserting that Mayden's claim was barred by the statute of limitations because Mayden failed to serve it with process until December 21, 2019, which was 49 days after the limitations period had expired. *See* Dkt. No. 1-10.

Home Depot timely removed the case to federal court on January 17, 2020, pursuant to 28 U.S.C. § 1441(c). *See* Dkt. No. 1.

Home Depot now seeks judgment on the pleadings, asserting that it is entitled to judgment as a matter of law on its affirmative defense of limitations pursuant to Federal Rule of Civil Procedure 12(c). *See* Dkt. No. 5.

Mayden filed a response to the motion for judgment on the pleadings, arguing that the date of service should relate back to the date of filing because Mayden was diligent in procuring service on Home Depot. *See* Dkt. No. 7.

**Legal Standards**

Rule 12(c) provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).

> Although there is no specific language in Rules 7 or 12 of the Federal Rules of Civil Procedure that states when the pleadings close, the following is accepted by numerous federal courts as to when the pleadings close:
>
>> Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a

> counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings.

*Davis v. Nissan Motor Acceptance Corp.*, No. 3:09-cv-869-L, 2009 WL 3363800, at *2 (N.D. Tex. Oct. 16, 2009) (quoting 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 at 213 (2004)).

"'A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'" *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)). Such a motion is therefore "specifically designed to facilitate" an inquiry into "the interpretation and construction of the [law]" where "[t]he facts of the instant case are not in dispute." *Hebert Abstract*, 914 F.2d at 76 (citation omitted)).[1]

The standard for dismissal on the pleadings under Rule 12(c) is the same as that for dismissal for failure to state a claim under Federal Rule of Civil Procedure

---

[1] *See also Garcia v. Kennington*, No. 4:11-cv-558, 2012 WL 6114948, at *7 (E.D. Tex. Sept. 26, 2012) ("Ordinarily, a defendant is the party that files a motion for judgment on the pleadings and the issue is whether plaintiff has pled enough facts to 'state a claim to relief that is plausible on its face.' *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Nonetheless, '[j]udgment on the pleadings is appropriate where [the] material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.' *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) (citations omitted)." (quotations modified)), *rec. adopted*, 2012 WL 6115054 (E.D. Tex. Dec. 10, 2012).

12(b)(6). *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *accord Gentilello v. Rage*, 627 F.3d 540, 543-44 (5th Cir. 2010).

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic

4

recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6)

context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion

6

under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

I. <u>The Court will not consider the sur-reply.</u>

Although the local rules do not permit a sur-reply to be filed without leave of Court, *see, e.g.*, N.D. TEX. CIV. R. 7.1(f) (allowing reply to be filed but not providing for sur-reply to be filed), Mayden filed a sur-reply without leave of court, *see* Dkt. No. 15.

Sur-replies are highly disfavored and are permitted only in exceptional or extraordinary circumstances. *See Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). To meet its burden to show such circumstances, a party seeking leave to file a sur-reply brief must identify new issues, theories, or arguments that the movant raised for the first time in its reply brief or attempts to present new evidence at the reply stage. *See Weems v. Hodness*, No. 10-cv-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011) (citing *Lacher*, 147 F. Supp. 2d at 539-40); *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, No. 3:01-cv-1397-P, 2003 WL 251318, at *8 (N.D. Tex. Feb. 3,

7

2003). Mayden makes no attempt to show that there are exceptional or extraordinary circumstances here. *See* Dkt. No. 15.

Accordingly, the Court will not consider Mayden's sur-reply.

II.     Home Depot is entitled to judgment on the pleadings.

Home Depot moves for judgment on the pleadings on its limitations defense because Mayden failed to serve it with process until December 21, 2019, which was 49 days after the expiration of the limitations period. *See* Dkt. No. 6 at 2. Further, Home Depot argues that Mayden's filing of this suit should not interrupt the running of limitations because Mayden failed to exercise due diligence in procuring service of citation. *See id.* at 10. This Court finds as a matter of law that Mayden failed to exercise due diligence in the service of citation and grants Home Depot's motion.

In general, a suit must be brought within the applicable limitations period. *See Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). But the mere filing of a suit within the applicable limitations period will not interrupt or toll the running of a statute of limitation; rather, a plaintiff must file a suit and use diligence in serving defendant with process to properly interrupt the running of a statute of limitations. *See Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970). If a plaintiff files a petition within the applicable limitations period, "but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if plaintiff exercised diligence in effecting service." *Gant,* 786 S.W.2d at 260. The burden to explain the delay shifts to the plaintiff if – as is the case here – a defendant affirmatively pleads the defense of limitations and shows that service was untimely.

*See Murray v. San Jacinto Agency*, 800 S.W.2d 826, 830 (Tex. 1990). The plaintiff must then provide evidence of attempts made to serve defendant and provide an explanation as to every lapse in effort or period of delay. *See Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007).

The existence of due diligence is usually a fact question to be determined by a two-prong test: (1) whether plaintiff acted as an ordinarily prudent person would have acted under similar circumstances; and (2) whether plaintiff acted with diligence up until the time that defendant was served. *See Hodge v. Smith*, 856 S.W.2d 212, 215 (Tex. App. – Houston [1st Dist.] 1993, writ denied). A lack of diligence may be found as a matter of law if plaintiff offers no valid excuse for lack of service or if the lapse in time, along with plaintiff's action's or inaction, conclusively negate diligence. *See Hansler v. Manika*, 807 S.W.2d 3, 5 (Tex. App. – Corpus Christi 1991, no writ). Lack of diligence may be found even when plaintiff offers an explanation so long as the explanation affirmatively establishes lack of reasonable diligence. *See Weaver v. E-Z Mart Stores*, 942 S.W.2d 167, 170 (Tex. App. – Texarkana 1997, no writ). Further, an excuse as to why a plaintiff did nothing, as opposed to an explanation of steps taken in attempt to effectuate service, does not raise a question of fact on the issue of diligence. *See Slage v. Prickett*, 345 S.W.3d 693, 698 (Tex. App. – El Paso 2011, no pet.).

An excuse for a delay in obtaining service is invalid if it involves inactivity or complete failure to attempt service even if service was accomplished within a relatively short period of time after the statute of limitations has expired. *See*

*Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 51 (Tex. App. – San Antonio 1999, pet. denied). In *Rodriguez*, a plaintiff filed her petition within the limitations period but did not serve the defendant until 25 days after the limitations period had expired. *See id.* at 48-49. After filing the suit, Plaintiff's attorneys had instructed the clerk not to issue citation for service so that the attorneys could notify the defendant about the suit and inquire whether the defendant would waive service of citation. *See id.* at 48. As the result of miscommunication, the plaintiff's attorneys thought the other had contacted the defendant concerning the suit, and thus the defendant was not served until after the attorneys realized their error, which was after the limitations period had expired. *Id.* at 49. Plaintiff argued that this explanation was sufficient to raise a fact issue regarding diligence, but the trial court disagreed. *See id.* The appellate court upheld the trial court's ruling and held that, because the plaintiff's explanation did not involve diligence in *attempting* to obtain service, but rather involved inactivity or complete failure to attempt service, the explanation failed to raise an issue of fact and constituted a lack of diligence as a matter of law. *See id.* at 51. Accordingly, the court's ruling in *Rodriguez* indicates that a lack of diligence may be found as a matter of law if an explanation for a delay in service fails to describe attempts to effectuate service because there would be no efforts on which to assess the reasonableness or diligence of an actor. *See id.*

Here, Mayden argues that she exercised due diligence in serving Home Depot with process and that the date of service should relate back to the date of filing because the lapse in time between the filing of the suit and actual service is

10

"reasonably and adequately explained." *See* Dkt. No. 7 at 5. Although citation was requested, Mayden states that due to "a perfect storm of events," Mayden's counsel did not notice that the requested citation had not been received. *See id.* As stated in the Affidavit of Bobbie Hector, who is the lead paralegal for Plaintiff's counsel, citation was requested, but the standard office procedures used to monitor case files was disrupted by the sudden resignation of an office employee coupled with the end of 2019 being a "historically ... very busy time for the firm...." *See* Dkt. No. 7-1 at 3. As a result, Plaintiff's counsel did not notice "that the citation requested in October had not been received in December." Dkt. No. 7 at 5. According to the Affidavit of Bobbie Hector, as soon as she noticed that the requested citation had not been received, she requested the issuance of the citation and upon its receipt on December 18, 2019, she forwarded it to a process server and Defendant was served on December 21, 2019. *See* Dkt. No. 7-1 at 3-4.

As explained above, lack of diligence may be found even in the face of an offered explanation if that explanation affirmatively establishes a lack of diligence. *See Weaver*, 942 S.W.2d at 167. Thus, even though Mayden has offered an explanation for the delay in serving Home Depot with process, her explanation must be such that it raises an issue of fact as to whether diligence was used in effecting service.

Mayden's explanation, however, fails to state that attempts or miscalculated attempts were made to effect service during the period of delay. Rather, the period of delay is explained to be the result of oversight by Mayden's attorney's paralegal. Hence, the present case is similar to that in *Rodriguez* where miscommunication

11

between the plaintiff's attorneys resulted in a delay between the filing of the suit and service of citation. Just as the plaintiff's explanation in *Rodriguez* failed to describe attempts or miscalculated attempts to effect service during the period of delay, here, too, Mayden's explanation fails to describe attempts or miscalculated attempts to effect service during the period of delay. Mayden's explanation simply describes why service was not attempted but does not list any actions which indicate attempts or miscalculated attempts to serve Home Depot. And, because Mayden fails to provide actions showing her attempt to serve the defendant, there are no efforts on which to evaluate Mayden's reasonableness or diligence. Essentially, Mayden's explanation is merely an excuse as to why nothing was done during the period of delay rather than an explanation detailing the steps taken to attempt proper service. Accordingly, just as the court in *Rodriguez* held that lack of diligence was found as a matter of law, here, too, this Court finds a lack of diligence as a matter of law.

## Conclusion

The Court GRANTS Defendant's Motion for Judgment on the Pleadings [Dkt. No. 5].

SO ORDERED.

DATED: September 28, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE